**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CRUM RESOURCES, INC.,**

        **Plaintiff,**

vs.                                                              **Case No. 8:04-CV-2701-T-27MAP**

**K-METAL PRODUCTS, INC. and**
**STEVEN M. KUZNETZ,**

        **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Kuznetz's Motion to Transfer Venue Pursuant to 28 U.S.C. §1412 and Fed. R. Bankr. P. 7087 (Dkt. 6), Crum Resources, Inc.'s Motion to Abstain and Remand and Alternative Motion in Opposition to Kuznetz's Motion to Transfer (Dkt. 14), and Kuznetz's Opposition to Crum's Motion to Abstain and Remand and Alternative Motion in Opposition to Kuznetz's Motion to Transfer (Dkt. 16). Upon consideration, Crum's Motion to Abstain and Remand is GRANTED and Kuznetz's Motion to Transfer is DENIED.

### Procedural Background

On June 22, 2004, Plaintiff initiated this action in state court against K-Metal Products, Inc. and Steven Kuznetz. (Dkt. 2). According to the Complaint, K-Metal agreed to lease employees from Plaintiff for an agreed upon amount and in execution of the service agreement, K-Metal agreed to comply with "the Worker Adjustment and Retraining Notification Act." (Dkt. 2, p. 3). Plaintiff alleges that K-Metal breached the agreement by failing to make payments and failing to comply with the Worker Adjustment and Retraining Notification Act, resulting in a "mass-layoff informing all

Leased Employees that their services were no longer needed . . ." Plaintiff alleges Kuznetz personally guaranteed K-Metal's obligations under the agreement.[1] Plaintiff alleges causes of action for breach of contract and indemnification against K-Metal (Counts I and II) and breach of guaranty against Kuznetz (Dkt. 2). The service agreement is governed by Florida law. In it, the parties agreed that "[a]ll litigation involving th[e] Agreement must be brought in the appropriate federal or state courts of competent jurisdiction to Hillsborough or Pinellas County, Florida." (Dkt. 2, Ex. A, p. 5).

Subsequent to the filing of the state court action, Kuznetz filed for Chapter 11 bankruptcy protection in the U.S. Bankruptcy Court, Central District of California, Los Angeles Division. Thereafter, Defendants removed this case to federal court pursuant to 28 U.S.C. § 1334(b). (Dkt. 1). Kuznetz's bankruptcy proceeding remains pending.(Case No. LA 04-30837-ES)[2]

## Discussion

1. <u>Subject Matter Jurisdiction pursuant to 28 U.S.C. § 1334 and Removal pursuant to 28 U.S.C. § 1452</u>

Defendants removed this action pursuant to 28 U.S.C. § 1452(a), alleging Plaintiff's action "impacts the timely administration of the Los Angeles Bankruptcy Case." (Dkt. 1, p. 2). Pursuant to 28 U.S.C. § 1452(a), "a party may remove any claim or cause of action in a civil action . . . . to the district court for the district where such civil action is pending, if such court has jurisdiction of such claim or cause of action under section 1334 . . ." Section 1334 provides that district courts

---

[1] As a result of Defendants' alleged actions, the "Leased Employees" instituted a class action against K-Metal, Kuznetz, Crum and others in California state court seeking, among other things, lost wages (hereafter the "California Class Action"). (Dkt. 2, p. 3). On December 3 2004, Defendants removed the California Class Action to the Los Angeles Bankruptcy Court. On January 5, 2005, the Los Angeles Bankruptcy Court remanded the California Class Action to California state court. (Dkt. 15).

[2] By virtue of that bankruptcy filing, the automatic stay provisions of 11 U.S.C. § 362 apply.

have jurisdiction over any "proceeding arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." A proceeding is "related to" a case under the bankruptcy code if it "could conceivably have an effect" on the relevant bankruptcy estate. *Matter of Lemco Gypsum, Inc.*, 910 F.2d 787, 788 (11th Cir. 1990).

Plaintiff's breach of guaranty claim against Kuznetz could "conceivably" have an effect on the debtor's estate as resolution of Plaintiff's claims could result in a judgment against Kuznetz. *See In re Toledo*, 170 F.3d 1340, 1344-45 (11th Cir. 1999) (recognizing that "the key word in the *Lemco Gypsum/Pacor* test is 'conceivable', which makes the jurisdictional grant extremely broad"). This case, therefore, is "related to a case [ ] under [the Bankruptcy Code]" and in turn, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. Accordingly, Defendants removal of this action was proper pursuant to 28 U.S.C. § 1452(a).

2.   Plaintiff's Motion to Abstain and Remand[3]

Plaintiff seeks to have this Court abstain from hearing its state law claims pursuant to 28 U.S.C. § 1334(c)(1). Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under [the Bankruptcy Code] or arising in or related to a case under [the Bankruptcy Code].

Alternatively, Plaintiff requests that this case be remanded on equitable grounds pursuant to 28 U.S.C. § 1452(b). Section 1452(b) provides that a district court "may remand [a] claim or cause of action [which was removed because it arises out of or relates to a bankruptcy case] on any

---

[3] Plaintiff's "Alternative Motion in Opposition to Kuznetz's Motion to Transfer" is DENIED. Plaintiff's attempt to present its delinquent opposition to Kuznetz's motion to transfer by way of a motion is improper.

equitable ground". Sections 1334 (c)(1) and 1452(b) provide a court with broad discretion to abstain from hearing state law claims and remand a case to state court.[4]

The factors considered in determining whether to abstain or remand on equitable grounds are strikingly similar. *In re Shop & Go, Inc.*, 124 B.R. 915, 917-920 (Bankr. M.D. Fla. 1991) (granting motions to abstain and to remand based on consideration of the same factors). Those factors are:

> (1) the effect on the efficient administration of the bankruptcy estate;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable state law;
> (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts;
> (5) the jurisdictional basis, if any, other than § 1334;
> (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case;
> (7) the substance rather than the form of asserted "core" proceedings;
> (8) the feasibility of severing the state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden on the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to jury trial;
> (12) the presence in the proceeding of non-debtor parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties in the action.

*See In re United Container*, 284 B.R. at 176-77 (citations omitted); *see also In re Olympia Holding Corp.*, 215 B.R. 254, 256 (Bankr. M.D.Fla. 1997) ("[w]hen determining whether a sufficient equitable ground is present for remand, the Court weighs considerations such as judicial economy, comity and respect for state court capabilities, and the effect on the administration of the estate").

---

[4] The discretion afforded district courts under 28 U.S.C. § 1452(b) is much broader than the discretion under the general removal statute, 28 U.S.C. § 1447(c). *See In re Ramada Inn-Paragould General Partnership*, 138 B.R. 63, 65 (Bankr. E.D. Ark. 1992).

In this case, the majority of these factors favor abstention and remand. First, abstention should have no effect on the efficient administration of the bankruptcy estate. Plaintiff's claims involve state law, the state law issues do not appear to be difficult or unsettled and the application of bankruptcy law is not required. Moreover, the related California Class Action, which Kuznetz contends involves the same issues as this case, is no longer pending in the Los Angeles Bankruptcy Court, as it was recently remanded to California state court. Significantly, Kuznetz does not contend that the Los Angeles Bankruptcy Court is better equipped to provide a prompt resolution of Plaintiff's claims.

Plaintiff's claims do not appear to be core bankruptcy proceedings and are only remotely related to Kuznetz's bankruptcy case. Plaintiff has filed statements of claim in that bankruptcy proceeding. Those claims may be resolved either as an adversary proceeding in the bankruptcy case or, assuming Plaintiff obtains relief from the § 362 automatic stay, in the Florida state court, which is well suited to promptly adjudicate Plaintiff's claims and enter judgment.[5] In sum, given the forum selection clause the parties agreed to, the availability of a state court forum to promptly resolve Plaintiff's claims, which involve only state law, and that technically a non-debtor is a party defendant, a remand to state court would be equitable.

Finally, Kuznetz's contention that it would be more convenient if this case was transferred to the Los Angeles Bankruptcy Court is unpersuasive, considering the service agreement's forum selection clause. Significantly, Kuznetz does not contend the forum selection clause is unenforceable. In light of all of these considerations, there are sufficient equitable grounds to

---

[5] According to this Court's independent inquiry of the Los Angeles Bankruptcy Court's docket, Plaintiff has not moved for relief from the stay.

remand Plaintiff's action to Florida state court. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. Kuznetz's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 7087 (Dkt. 6) is DENIED.

2. Crum Resources, Inc.'s Motion to Abstain and Remand (Dkt. 14) is GRANTED. This action is remanded to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 22nd day of April, 2005.

/s/ James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record